IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DEBORAH HINES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-147 (MTT) |
| | ) |
| **Dr. NAZAIRE,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting Defendant Dr. Yvon Nazaire's motion to dismiss Plaintiff Deborah Hines's complaint because she failed to exhaust her administrative remedies and denying the Plaintiff's motion to appoint counsel. (Docs. 20; 30; 42). The Plaintiff has filed two separate objections to the Recommendation, as well as additional supporting documents. (Docs. 44; 45; 46). The Defendant has responded to both objections, and the Plaintiff replied to the response. (Docs. 47; 48). Additionally, because of allegations levied against counsel for the Defendant in the Plaintiff's reply, counsel for the Defendant filed an additional response, to which the Plaintiff filed an additional reply. (Docs. 49; 50). The Court has reviewed the Recommendation and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Plaintiff argues the Magistrate Judge erred in determining she did not exhaust her administrative remedies. As noted in the Recommendation, the Court conducts a two-step analysis in determining whether a prisoner exhausted her administrative remedies. At step one, the Court must take the Plaintiff's version of the

facts as true and determine whether the Defendant is nonetheless entitled to have the complaint dismissed for failure to exhaust administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). If the complaint is not subject to dismissal at step one, the Court continues to the second step of the analysis. At step two, the Court makes specific factual findings to resolve disputed issues related to exhaustion. *Id.* The Defendant bears the burden of proof. *Id.*

The Magistrate Judge found that the Defendant was not entitled to dismissal at step one based on the allegations of exhaustion in the Plaintiff's complaint. (Doc. 42 at 4). However, the Magistrate Judge concluded the Defendant was entitled to dismissal at step two based on the following evidence: (1) a copy of the Plaintiff's grievance history, (2) the affidavit of Ramika Christian, Deputy Warden of Care and Treatment, (3) a copy of the Georgia Department of Corrections ("GDC") Standard Operating Procedure ("SOP") for Statewide Grievances, (4) the declaration of Betty Rogers, Pulaski State Prison Health Services Administrator, and (5) a copy of the GDC SOP for Inmate/Probationer Health Concerns and Complaints.[1] (Docs. 20-2; 20-3).

In the Plaintiff's first objection, she contends she filed an initial grievance in August 2012 at the "counselor level" and then filed an appeal because her grievance was rejected. (Doc. 44 at 2). By saying her grievance was "rejected," the Plaintiff appears to mean the Warden never responded to her grievance. (Doc. 44 at 4). She also says she sent "ante litem" letters on September 26, 2012, because she was not getting a response to her grievance. (Doc. 44 at 2). Additionally, the Plaintiff contends she filed several health complaints to "Medical Director Roger[s]," contrary to Rogers's

---

[1] According to the SOP, these health complaints "complement" the formal grievance process. (Doc. 20-3 at 6).

declaration in which she states the Plaintiff filed a single health complaint regarding her co-pay. (Docs. 44 at 2; Doc. 20-3, ¶¶ 7, 8). In response to one of the health complaints, Rogers allegedly told her she "could not grieve medical per SOP." (Doc. 44 at 3).

The Plaintiff filed several documents along with her first objection. The first appears to be a certificate of service for an "ante litem" notice she allegedly sent. (Doc. 44 at 7). The second is a notarized page that also appears to relate to the "ante litem" notices she sent. (Doc. 44 at 9). The third document appears to be a receipt for a grievance at the counselor's level dated August 28, 2012. (Doc. 44-1 at 1). The next document appears to be a grievance appeal dated October 6, 2012. (Doc. 44-1 at 2). In it, the Plaintiff states she filed "this grievance at both counselor level and a formal still no answer the counselor grievance was denied." (Doc. 44-1 at 2). The Defendant apparently overlooked these last two documents. (Doc. 47 at 5) ("Moreover, the documents attached to Plaintiff's objection relate to the ante-litem notice submitted by Plaintiff on September 22, 2012. They are not grievance documents, as Plaintiff asserts." (record citation omitted)).

The Plaintiff also filed health complaints she allegedly sent to Rogers and an infirmary pass. (Docs. 45; 45-1; 45-2; 45-3). One of the health complaints contains a response at the bottom, purportedly written by Rogers and dated August 23, 2012, that reads: "You cannot grieve this per SOP." (Doc. 45-2 at 1). This particular health complaint does not pertain to the Plaintiff's co-pay but instead appears to concern the allegedly deliberately indifferent medical treatment that is the subject of her lawsuit.

In the Plaintiff's second objection, she states that she filed a grievance on August 28, 2012. (Doc. 46 at 1). She then states, for what appears to be the first time, she was informed on September 7, 2012, that her grievance was denied and she filed a formal grievance. *Id.* After waiting over 45 days with no response, she filed an appeal.

In response to these objections, the Defendant contends the Court should not consider the new documents that were not submitted to the Magistrate Judge but that even if the Court does consider them, the Plaintiff failed to exhaust. As the Defendant points out, if the Plaintiff began the grievance process in August 2012, then the applicable GDC grievance procedure is not the two-step process cited in his motion or relied on by the Magistrate Judge. Rather, it was the former GDC three-step grievance procedure:

> First, an inmate must file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. The Commissioner's Office has 90 calendar days after receipt of the appeal to respond.

*Maloch v. Pollard*, 2012 WL 780380, at *9 (N.D. Ga.) (record citations omitted) (quoting *Faircloth v. Ferrell*, 2011 WL 7004207, at *2 (S.D. Ga.).

Because exhaustion is a matter in abatement and the Plaintiff has submitted additional documents, the Court will make its own factual findings at step two of the *Turner* analysis. Though the Defendant has submitted Deputy Warden Christian's affidavit and the Plaintiff's offender grievance history to show she has not exhausted her

-4-

administrative remedies, the Plaintiff submitted a grievance receipt at the counselor's level and an appeal form that are not reflected on her grievance history. Because it is the Defendant's burden to show the Plaintiff failed to exhaust, the Court resolves this conflict in the Plaintiff's favor and finds she filed an informal grievance in August 2012 and an appeal in October 2012 based on the documents she submitted. (Doc. 44-1 at 1, 2). However, the Court finds there is no evidence the Plaintiff filed a formal grievance.

In her numerous (and at times conflicting) accounts of what she did to exhaust her administrative remedies, the Plaintiff appears to only reference a formal grievance being filed and denied in her second objection to the Recommendation. She consistently alleges she filed a grievance at the counselor's level and wrote an "ante litem" letter to the Warden but appears to only mention a formal grievance in her second objection. (Docs. 23 at 2, 5; 29 at 3). She has insisted she keeps copies of all her documents, but the only grievance documents she has provided are the counselor's level receipt and the appeal.[2] Therefore, the Court finds there is no evidence she filed a formal grievance, which was a necessary step in the grievance procedure in effect at the time. Thus, the Magistrate Judge's determination that the claims against Dr. Nazaire should be dismissed for failure to exhaust administrative remedies is correct.

Though not addressed in the Recommendation, the Plaintiff filed an amended complaint on April 27, 2015. (Doc. 29). As the Defendant points out in his response to some of the Plaintiff's motions, "Under Fed. R. Civ. P. 15(a)(1)(B), a plaintiff may amend the complaint once without leave of court within 21 days after service of a Rule 12(b)

---

[2] As noted above, the health complaints she filed are not grievances but are a complement to the state-wide grievance procedure.

motion. It appears that Plaintiff's Amended Complaint falls within this provision." (Doc. 31 at 1 n.1). Because the amended complaint does not alter the exhaustion analysis, Defendant Nazaire's motion to dismiss is not mooted. However, because it was timely filed and adds new defendants, the Court must review the amended complaint to determine whether it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In the amended complaint, the Plaintiff adds Georgia Correctional Healthcare ("GCHC") and Dr. Billy Nichols as defendants. She alleges that Dr. Nichols is the Medical Director of GCHC and that he is responsible for the operation of GCHC. (Doc. 29 at 1). She further alleges the Defendants hired Dr. Nazaire without a proper background check. (Doc. 29 at 1). Though she appears to allege negligent hiring, which would not rise to the level of a constitutional violation, her complaint could be read to assert a deliberately indifferent hiring decision. Thus, the Court will allow the claims against Dr. Nichols and GCHC to go forward.

In conclusion, the Recommendation is **ADOPTED except as modified by this order**, Defendant Nazaire's motion to dismiss (Doc. 20) is **GRANTED**, and the Plaintiff's motion to appoint counsel (Doc. 30) is **DENIED**. In light of the claims against Dr. Nazaire being dismissed, the Plaintiff's motion to compel discovery (Doc. 39) is **DENIED as moot**.

However, because some of the Plaintiff's claims in her amended complaint (Doc. 29) are allowed to proceed, it is **ORDERED** that service be made on Dr. Billy Nichols and Georgia Correctional Healthcare and that they file an answer, or such other

response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).[3]

The Plaintiff is reminded of her duty to keep the clerk of court and all opposing attorneys advised of her current address, duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's prior order.  (Doc. 8).

**SO ORDERED,** this 18th day of August, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] In light of the foregoing, the Plaintiff's motion to have summons served on the new Defendants (Doc. 54) is **MOOT**.