IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEBORAH HINES, | : | |
| Plaintiff, | : | |
| v. | : | No. 5:14-cv-00147-MTT-CHW |
| BILLY NICHOLS, *et. al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

**ORDER AND RECOMMENDATION**[1]

On April 15, 2014, Plaintiff Deborah Hines, a state prisoner currently confined at the Arrendale State Prison, filed a pro se civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Doc. 1. An order granting Defendant's motion to dismiss was entered on August 18, 2015, (Doc. 55) but claims in Plaintiff's amended complaint against the additional Defendants, Georgia Correctional Healthcare and Dr. Billy Nichols were allowed to proceed (*Id*. at 6). Plaintiff filed a notice of appeal from the order on motion to dismiss on August 27, 2015. Doc. 60. The appeal was denied by the Eleventh Circuit Court of Appeals for lack of jurisdiction, holding that Plaintiff could only file a notice of appeal once the district court had ruled on all of her claims against all defendants. See Doc. 79.

Defendants Nichols and Georgia Correctional Healthcare waived service and filed a Motion to Dismiss Plaintiff's amended complaint on March 21, 2016. See Doc. 83. Plaintiff was ordered to respond on March 22, 2016. Doc. 84. Plaintiff requested an extension of time to file her response on April 7, 2016, which this Court granted. On May 5, 2016, Plaintiff filed her

---

[1] A previous Order on the present motion (Doc. 89) was entered in error. The Clerk of Court is **DIRECTED** to **VACATE** that Order and substitute the present Order and Recommendation.

response to Defendants' Motion to Dismiss, as well as a Motion for Temporary Restraining Order and requested additional time to contact her attorney, Lars Anderson. See Docs. 87, 88.

To the extent that Plaintiff's most recent motion requests a temporary restraining order against staff members at Arrendale State Prison, Plaintiff's request must be denied. The basis for Plaintiff's request is that after a news reporter came to visit her, she was placed in segregation, "for no reason." She states that she can't use the phone, is not allowed any visitors, and is being denied her medication and her legal mail. Doc. 88, p. 1. Plaintiff states that she does not know why she is "on lock down" but "thinks its retaliation," and that she had to get a guard to smuggle this motion out of the prison for her. *Id.* She requests a "TRO," without specifying the nature of the relief requested.

To be entitled to a temporary restraining order or preliminary injunction, a plaintiff must demonstrate (1) a substantial likelihood of ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Similarly, a plaintiff requesting a permanent injunction must satisfy the following four-factor test:

> (1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, L.L.C*., 547 U.S. 388, 391 (2006). Thus, "[t]he standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." *Siegel v. LePore*, 234 F.3d 1163, 1213 (11th Cir. 2000) (Carnes, J., dissenting). In either case, an

"injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." *Horton v. City of Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." *Newman v. State of Ala.*, 683 F.2d 1312, 1319 (11th Cir.1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See *Procunier v. Martinez*, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] ... courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." *Newman*, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff's Motion does not name any Arrendale State Prison staff members, but simply refers to them generally. Further, because the allegations in Plaintiff's amended complaint implicate Defendants and events arising out of her confinement at Pulaski State Prison, the Arrendale State Prison officials generally identified in the instant Motion are not parties to this action, and this Court lacks jurisdiction to enter any restraining order or injunction against them. See *In re Infant Formula Antitrust Litig.*, *MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842–43 (11th Cir. 1995) (stating that district court lacks subject-matter jurisdiction to issue preliminary or

3

permanent injunction against nonparty). In other words, the Court cannot order these officials, or any other staff members at Arrendale State Prison, to take, or refrain from taking, any action affecting Plaintiff's civil rights. Further, the Court cannot issue a general injunction barring any Defendant from violating the law at some point in the future. See *SEC v. Smyth*, 420 F.3d 1225, 1233 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are unenforceable."); *Payne v. Travenol Lab., Inc.*, 565 F.2d 895, 898 (11th Cir. 1978) (" '[O]bey the law' injunctions cannot be sustained."); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). Indeed, Plaintiff's allegations do raise possible constitutional violations, but such claims would be more appropriately addressed in a separate civil action, against separate Defendants, in a different district court.[2] Accordingly, to the extent that Plaintiff seeks a temporary restraining order, it is **RECOMMENDED** that the motion (Doc. 88) be **DENIED**.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

---

[2] Such a civil action under 42 U.S.C. § 1983 would be appropriately brought in the United States District Court for Northern District of Georgia—the embracing district of Arrendale State Prison. See e.g. 28 U.S.C. § 1391 (B)(2) ("a civil action may be brought in--a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.")

In addition to her restraining order request, Plaintiff asks for additional time to contact her attorney, who has allegedly been hired by her family to represent her in this matter. The record reflects that no attorney has entered an appearance in this Court on Plaintiff's behalf. In the spirit of *pro se* leniency, however, this Court shall grant Plaintiff's request, and allow her an additional (30) days from the date of this Order to contact her attorney.

**SO ORDERED and RECOMMENDED**, this 18th day of May, 2016.

                                                s/ Charles H. Weigle_____
                                                Charles H. Weigle
                                                United States Magistrate Judge