IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Deborah Hines,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:14-CV-147 (MTT) |
| **Dr. Billy Nichols, et al.** | ) ) ) |
| **Defendants.** | ) ) ) |

# ORDER

Defendants Georgia Correctional Healthcare ("GCHC") and Dr. Billy Nichols filed a joint Motion to Dismiss, asserting that Plaintiff Deborah Hines failed to exhaust her administrative remedies, Hines's Amended Complaint (Doc. 29) fails to state a claim upon which relief can be granted, and, in the alternative, the Defendants are entitled to qualified immunity.  Doc. 83.  United States Magistrate Judge Charles H. Weigle recommends granting the motion to dismiss on all these grounds.  Doc. 97.  Hines filed an objection to the Recommendation and supporting documents.  Docs. 98; 99.  The Court has reviewed the Recommendation and has made a de novo determination that the Magistrate Judge correctly concluded that Hines failed to demonstrate exhaustion of her administrative remedies as to the Defendants.

Hines's claims against GCHC and Nichols are related to Hines's claims against Dr. Yvon Nazaire regarding medical treatment, which the Court dismissed for failure to exhaust administrative remedies (the "Nazaire Order").  Doc. 55 at 5-6.  As noted by the Magistrate Judge, the analysis employed in the Nazaire Order is, with a few additions, applicable here.  Doc. 97 at 4.

Hines argues the Magistrate Judge erred in determining she did not exhaust her administrative remedies as to her claims against GCHC and Nichols.  As noted in the Recommendation, the Court conducts a two-step analysis in determining whether a prisoner exhausted her administrative remedies.  At step one, the Court must take the plaintiff's version of the facts as true and determine whether the defendant is nonetheless entitled to have the complaint dismissed for failure to exhaust administrative remedies.  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  If the complaint is not subject to dismissal at step one, the Court continues to the second step of the analysis.  *Id.*  At step two, the Court makes specific factual findings to resolve disputed issues related to exhaustion.  *Id.*  The defendant bears the burden of proof.  *Id.*

The Magistrate Judge concluded that GCHC and Nichols are not entitled to dismissal at step one based on the allegations of exhaustion in Hines's Amended Complaint.  Doc. 97 at 4.  However, he concluded that dismissal is warranted at step two due to the affirmative evidence of non-exhaustion offered by the GCHC and Nichols.[1]  *Id.* at 2.  The Magistrate Judge reasoned that, as with Nazaire, Hines never filed any formal grievance before filing her claims against GCHC and Nichols.  *Id.* at 3-4.

Additionally, the Magistrate Judge considered a "settlement letter" allegedly written and signed by Betty Rogers, who was the Pulaski State Prison Health Services Administrator during the relevant period.  *Id.* at 5.  This letter purports to acknowledge that Hines filed formal grievances in August and September of 2012 and offers Hines $250,000.00 to cease pursuing her claims.  *Id.* at 5-6.  The Magistrate Judge also

---

[1]   The evidence offered by the Defendants includes: (1) a copy of Hines's grievance history, (2) the affidavit of Ramika Christian, Deputy Warden of Care and Treatment, (3) a copy of the Georgia Department of Corrections ("GDC") Standard Operating Procedure ("SOP") for Statewide Grievances, (4) the declaration of Betty Rogers, Pulaski State Prison Health Services Administrator, and (5) a copy of the GDC SOP for Inmate/Probationer Health Concerns and Complaints.  Docs. 20-1; 20-2.  According to the SOP, the health complaints "complement" the formal grievance process.  Doc. 20-3 at 6.

considered a second declaration from Rogers, submitted by GCHC and Nichols in response to the settlement letter, in which Rogers testifies that she did not write or sign the document and that it is a forgery.  Doc. 91-1 ¶¶ 5-6.

The Magistrate Judge found that the letter from "Rogers is either edited, forged, or entirely fake, and does not show that [Hines] filed a formal grievance."  Doc. 97 at 6.  In reaching this conclusion, the Magistrate Judge noted that that the letter mirrored paragraphs of Rogers's first declaration.  *Id.*; *Compare* Doc. 87 at 12 *with* Doc. 20-3 at 3.  The Magistrate Judge further noted that the "language is disjointed and poorly worded, and the letter is undated" and the idea of an offer of a $250,000 private settlement agreement is not credible in light of the Court's experience of settlement offers from the Department of Corrections.  Doc. 97 at 6.[2]  Lastly, the Magistrate Judge examined Hines's "numerous conflicting accounts of exhaustion, and constantly changing narrative."  *Id.*  For these reasons, the purported letter from Rogers did not alter the Magistrate Judge's analysis at step two of *Turner*.  *Id.*

In Section C of Hines's Objection, she argues that she exhausted her administrative remedies.  Doc. 98 at 11.  Hines offers several responses to the Magistrate Judge's conclusion that the settlement letter is a forgery.

Hines argues that Rogers's declaration regarding the forgery is not credible because Rogers's previous affidavit (Doc. 20-3) states that Hines filed only one health complaint during the relevant period (1/12/11 to 2/4/14), but no grievances were filed in relation to the adequacy of medical care.  Doc. 98 at 14.  Hines is correct that Rogers's original declaration states that Hines filed only one health complaint during the relevant period (1/12/11 to 2/4/14).  Doc. 20-3 ¶ 7.  Though not in the words used by Hines, Rogers affidavit did indicate that no grievances were filed in relation to the adequacy of medical care, as she stated that the only signed grievance filed by Hines was a

---

[2]   The signature is undated, but, typed in the top right-hand corner, the letter bears the date: "September 6, 2012."  Doc. 87 at 12.

complaint regarding a co-pay charge.  Doc. 20-3 ¶ 8.  As noted by the Court in the Nazaire Order:

> [Hines] also filed health complaints she allegedly sent to Rogers and an infirmary pass. (Docs. 45; 45-1; 45-2; 45-3). One of the health complaints contains a response at the bottom, purportedly written by Rogers and dated August 23, 2012, that reads: "You cannot grieve this per SOP." (Doc. 45-2 at 1).  This particular health complaint does not pertain to the Plaintiff's co-pay but instead appears to concern the allegedly deliberately indifferent medical treatment that is the subject of her lawsuit.

Doc. 55 at 3.  Though unclear, it seems that Hines is marshaling these comments by the Court in her support.  Hines is right—these are grounds to question Rogers's credibility.  Hines also states that she has three inmates who will testify that they read the settlement letter from Rogers at mail call when Hines first received it, as well as the testimony of the mail officer who handed her the letter.  *Id.* at 14.  Hines requests a DNA sample to prove that Rogers sent the settlement letter, offering other documents from Rogers for comparison.  *Id.* at 13.

Although Hines offers to corroborate her account of her receipt of the settlement letter, she failed to support this offer with any affidavit or declaration from her witnesses. Notwithstanding legitimate questions about Rogers's credibility, the Court, after examining all of the reasons offered by the Magistrate Judge, agrees that the settlement letter is not a genuine document authorized by the Georgia Department of Corrections.[3] Hines's requests regarding forensic evidence are not warranted.

Importantly, Hines still offers no explanation why she cannot produce the receipts for her alleged August and September 2012 formal grievances.  Rather, she continues to assert that the documents she has already sent the Court evidence a formal

---

[3]  The Court adds the following to the Magistrate Judge's observations:  The settlement letter is dated September 6, 2012, but awkwardly references a grievance filed in "Sept. 2012," without any specificity of the date of the grievance.  Doc. 87 at 12.  The Court also notes, without drawing any conclusion from this point, that the letter is addressed to "Debra" Hines, the spelling employed by the prison system.  *See* Doc. 98-1.  Hines, however, sometimes spells her name "Deborah" (Doc. 98-2) and other times "Debra" (Doc. 98-1 at 2).

grievance, rehashing arguments that the Court already rejected in the Naziare Order. *See* Doc. 55 at 2-4. In this vein, Hines speculates that the health grievance mentioned by Rogers in her original affidavit is "the first grievance I filed it's the same one I appeal to the warden + central office. I sent the formal receipt to the Court." [4] Doc. 98 at 15-16. She notes that she sent a "receipt to the Court last year. Doc. 55. Along with the letter 'ante litem.'" Doc. 98 at 11. The Court has already explained why the Defendant's informal grievances failed to satisfy the exhaustion requirement as to Nazaire, and the analysis applies with equal force to GCHC and Nichols.

Hines states that she will send to the Court a letter from the "inmate Grievance Coordinator Mr. Leach," "explaining to the court that I did file a Formal." *Id.* at 11. The Court has received no such letter.[5]

---

[4] Hines also argues about the structure of the then-current grievance procedures, stating that a formal grievance is what is filed "after the counselor level is rejected or denied, and that she sent that receipt to the Court. Doc. 98 at 11. As noted in the Naziare order:

> [I]f the Plaintiff began the grievance process in August 2012, then the applicable GDC grievance procedure is not the two-step process cited in his motion or relied on by the Magistrate Judge. Rather, it was the former GDC three-step grievance procedure:
>
>> First, an inmate must file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. The Commissioner's Office has 90 calendar days after receipt of the appeal to respond.
>
> *Maloch v. Pollard*, 2012 WL 780380, at *9 (N.D. Ga.) (record citations omitted) (quoting *Faircloth v. Ferrell*, 2011 WL 7004207, at *2 (S.D. Ga.)).

Doc. 55 at 4.

[5] Hines also states that she "just learned" that she "filed a grievance in May 2013 when I return from court." *Id.* at 12. The Court does not know what Hines is talking about.

More importantly, however, all of these arguments rehash the Court's decision as to Nazaire, while the Motion to Dismiss and, accordingly, the Recommendation and this Order address *not* whether Hines filed *any* formal grievance as to her medical complaints, but whether she has exhausted her administrative remedies *as to GCHC and Nichols*. If Hines wanted the Court to consider the settlement letter and the other documents she has mentioned as to exhaustion of her claims against Nazaire, she should have introduced them when that issue was before the Court.[6] But, again, the issue here is whether Hines has exhausted her administrative remedies *as to GCHC and Nichols*, and the answer to that question is quite clearly "no." Hines herself appears to recognize that she did not exhaust her administrative remedies as to GCHC and Nichols before filing this lawsuit. Hines states that she has enclosed copies of formal grievances she "filed on Dr. Nichols and G.H.D.C." *Id.* at 11-12. The enclosed documents relate to Grievance 203711, which Hines filed August 26, 2015. Doc. 98-2 at 2. Grievance 203711 states that Hines, *within the last ten days*, had learned that GCHC and Nichols were responsible for her injury, and that she therefore "*must* file a grievance on" Nichols and GCHC. *Id.* at 2 (emphasis added).[7] Grievance 203711 was filed August 26, 2015, over a year after this case was filed (April 15, 2014); accordingly, it does not satisfy the PLRA's exhaustion requirement for this action. *Cf. Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) ("[W]hen a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added) (citations omitted)).

---

[6] Indeed, the fact that Hines did not introduce or even mention the settlement letter when the Court was considering exhaustion as to Nazaire, and offers it now, without any credible explanation of why she did not submit it previously, casts further suspicion on the letter's authenticity.

[7] Although Hines frames this as a "reinstatement" of her August 2012 grievance, she does not offer any evidence that grievances can be "reinstated." This is the only indication in the grievance that Hines may contend that she previously exhausted as to GCHC and Nichols.

Hines has not offered any evidence of a pre-suit formal grievance regarding her deliberate indifference claims against GCHC and Nichols, thus the Magistrate Judge correctly concluded that Hines's Amended Complaint against GCHC and Nichols should be dismissed.  Because the Court concludes that Hines has not exhausted her administrative remedies, the Court need not address the Magistrate Judge's determination that Hines has failed to state a claim under § 1983 and that Nichols and GCHC are entitled to qualified immunity (Doc. 97 at 7-11).  In conclusion, the Recommendation is **ADOPTED** except as modified by this Order, Defendants GCHC's and Nichols's Motion to Dismiss (Doc. 83) for failure to exhaust administrative remedies is **GRANTED**, and the Plaintiff's Amended Complaint is **DISMISSED without prejudice**.

**SO ORDERED,** this 21st day of December, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT